THE PEOPLE OF THE TERRITORY OF UTAH,
RESPONDENT, v. ABRAM CHALMERS, APPELLANT.

On petition for rehearing, ante p. 201

*Mr. A. G. Sutherland*, for appellant.

*Mr. George S. Peters*, for respondent.

ZANE, C. J.:

This appeal was heard and decided at a former session of the present term. The defendant had been tried in the lower court upon an indictment charging him with assault upon one John Pitt with intent to murder, and had been found guilty of a battery. Upon the trial the court had charged the jury that they might find the defendant guilty of a battery under the indictment, if they so believed beyond a reasonable doubt. To this portion of the charge the defendant had excepted, and desired to assign the giving of it as error. But the charge to the jury was not found in the record, and the court refused to consider the exception. Appellant's counsel insists upon a rehearing, for the reason the argument was not heard upon that point. A party must preserve in the record any ruling of the trial court, whether made upon an objection to evidence or in charging the jury, if he wishes to rely upon the same as error.

The point, however, that the defendant should not have been found guilty under the indictment of a battery was considered under the error alleged in overruling the motion for a new trial. The court said: "Counsel for the defendant also urges that the jury was not authorized to find the defendant guilty of a battery upon the indictment upon which he was tried. It is alleged in the indictment that the defendant, with a pistol loaded with gunpowder and bullets, in and upon one John Pitt made an unlawful and

felonious assault, and did shoot off one of the bullets at
and against the person of the said John Pitt. A battery
is any willful and unlawful use of force or violence upon
the person of another. Comp. Laws Utah, 1876, p. 592.
The indictment describes a battery as defined in the stat-
ute. It was stated that the assault was upon Pitt, and that
the bullet was shot at and against his person. Section 301,
Laws Utah, 1878, provides that 'the jury may find the de-
fendant guilty of an offense, the commission of which is
necessarily included in that with which he is charged.'
While an assault with intent to murder might be charged
without describing a battery, this charge does include that
offense. The acts constituting the crime as charged in the
indictment include those essential to the description of a
battery. At common law there could be no conviction for
a misdemeanor on any indictment for a felony. The reason
upon which the rule was established, was that persons in-
dicted for a misdemeanor had certain advantages at the
trial, such as to make a full defense by counsel, and to have
a copy of the indictment, and a special jury, which ad-
vantages were not then permitted under indictments for
felony. Such reasons do not exist in this territory, and
we therefore disregard the rule. When a minor offense is
included in a greater, the defendant may be acquitted of
the latter, and convicted of the former, unless the allega-
tion is in a form not charging the lower. Bish. Crim. Law,
Sections 780, 794, note; Whart. Crim. Law, Sections
616, 617."

The motion for a rehearing is denied.

BOREMAN, J., and HENDERSON, J., concurred.